# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| ROBERT L. WOLFE, | : | Case No. 2:24-cv-535 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| HOCKING COUNTY SHERIFF'S DEPARTMENT, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Robert L. Wolfe, a resident of Murray City, Ohio, brings this action against the Hocking County Sheriff's Department, Chief Deputy Caleb Moritz, Deputy Craig Johnson, Deputy Kyle Arnette (alternatively spelled Arnett by Plaintiff), and Deputy Carl Wilderman. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of Plaintiff's Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### A.     Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma*

*pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("[D]ismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim [under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)].").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded

2

factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Allegations in the Complaint**

Liberally construing the Complaint, *see Erickson*, 551 U.S. at 94, Plaintiff alleges that his constitutional rights under the Second, Fourth, and Sixth Amendments to the United States Constitution were violated while being served with an "Ex parte, Civil Stalking Protection Order." (Doc. 1-1 at 3–4). He alleges that Defendant Chief Deputy Moritz assaulted him, falsely arrested him, and detained him on his front porch. (*Id*. at 4). Plaintiff also alleges that Moritz falsely told him that Moritz had to immediately remove Plaintiff's firearms, even though the court order gave Plaintiff until the hearing three days later to surrender them. (*Id*.). Plaintiff claims, "[t]hey entered the home without warrant and without permission and proceeded to take [Plaintiff's] entire gun collection which is still in the possession of the Hocking County Sheriff." (*Id*.). Plaintiff further claims that Defendant Deputy Johnson filed a false charge of "Obstructing Official Business" against him, but the charge was dismissed due to lack of evidence. (*Id*.).

Plaintiff alleges that, due to these events, he suffered a "dislocated sternoclavicular joint," for which he sought medical treatment and continues to receive physical therapy. (*Id*. at 5).

3

Plaintiff also alleges that he suffered great emotional distress. (*Id*.). Plaintiff states that he has opened a case with the DOJ concerning the alleged violation of his rights and has not yet been advised that the investigation of that matter has been concluded. (*Id*. at 4). For relief, Plaintiff seeks monetary damages. (*Id*. at 5).

    C.    **Analysis**

At this stage in the proceedings, without the benefit of briefing by the parties, the Undersigned concludes that Plaintiff's claims against Defendants Moritz and Johnson under the Second, Fourth, and Sixth Amendments may proceed for further development.[1] In this regard, the Undersigned notes that it appears that Plaintiff is facing criminal charges in the Hocking County Municipal Court in Case No. CRB 2300750.[2] It is not clear at this point whether the events at issue here are related to those pending charges or that abstention is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971). Defendants Moritz and Johnson may address these issues once they are served in this case. For the reasons below, however, Plaintiff's claims against the remaining Defendants are subject to dismissal.

First, although Deputies Kyle Arnette and Carl Wilderman are named in the case caption and in the list of Defendants (Doc. 1-1 at 1–3), the Complaint contains no factual allegations against either of them. Accordingly, Plaintiff has alleged no set of facts that would constitute a

---

[1] The Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims being allowed to proceed at this juncture or potential defenses, nor are Defendants precluded from filing a motion to dismiss, a motion for more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

[2] Viewed at https://municipal.hocking.oh.gov/CourtCase.aspx/Details/270110?digest=OrRgJEWDF9nco41V7Kz1oA. The Court may take judicial notice of proceedings in its own and other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969)). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

cause of action against Defendants Arnette or Wilderman, and they should be dismissed. *See Sebestyen v. Gardner*, No. 2:17-CV-550, 2017 WL 5629646, at *3 (S.D. Ohio Nov. 22, 2017), *report and recommendation adopted*, No. 2:17-CV-550, 2018 WL 4804662 (S.D. Ohio Oct. 4, 2018).  To the extent Plaintiff alleges generally that "defendants" or "they" violated his rights, a "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that *each* Defendant is liable for [the alleged constitutional violation]." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.") (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

The Complaint should also be dismissed against the Hocking County Sheriff's Department. Plaintiff has not stated an actionable claim for relief against this Defendant because it is not a legal entity that is capable of being sued. *See, e.g.*, *Hawk v. Richland Cnty. Jail*, No. 1:12-cv-326, 2012 WL 2742550, at *3 (N.D. Ohio July 9, 2012) (and cases cited therein) ("Neither the County Jail nor the . . . County Sheriff's Department is a legal entity capable of being sued for purposes of § 1983.").

In reality, Plaintiff's claims against this Defendant are official capacity claims against Hocking County, of which the other Defendants are agents. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's Complaint fails to state a claim for relief under § 1983 against Hocking County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983.  "It is firmly established that a municipality, or as in this case a county, cannot be held liable

under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against Hocking County for his alleged injuries, Plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996); *see also Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (finding that the municipal policy must be the "moving force" behind the constitutional deprivation). "The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff's Complaint fails to allege any facts showing that any named Defendant acted pursuant to a particular policy or custom of Hocking County in allegedly violating his civil rights. *See Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) ("A plaintiff asserting a section 1983 claim on the basis of a municipal custom or policy must 'identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy.'") (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted against the Hocking County Sheriff's Department, and this Defendant should be dismissed.

6

In sum, the Undersigned finds that Plaintiff's claims against Defendants Moritz and Johnson under the Second, Fourth, and Sixth Amendments should proceed.  Having found that Plaintiff has failed to the state a claim for relief against the remaining Defendants—Arnette, Wilderman, and the Hocking County Sheriff's Department—the Undersigned **RECOMMENDS** that Plaintiff's claims against those Defendants be **DISMISSED with prejudice**.

Plaintiff, however, has not submitted the necessary service of process forms for Defendants Moritz and Johnson to be served in this case.  Therefore, within **thirty (30) days** of the date of this Order and Report and Recommendation, Plaintiff is **ORDERED** to submit summons and United States Marshal forms for both Defendants Moritz and Johnson so that service of process may be made in this case.  The Clerk of Court is **DIRECTED** to provide Plaintiff with summons and United States Marshal forms for this purpose.  The Clerk is also **DIRECTED** to send Plaintiff a copy of the *Pro Se* Handbook, which contains guidance on completing these forms in Section VII. Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.  Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution.

## IT IS THEREFORE RECOMMENDED THAT:

The claims in Plaintiff's Complaint be **DISMISSED with prejudice** as to Defendants Arnette, Wilderman, and the Hocking County Sheriff's Department for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff may **PROCEED** at this juncture on his claims in the Complaint against Defendants Moritz and Johnson under the Second, Fourth, and Sixth Amendments.

2. Within **thirty (30) days** of this Order and Report and Recommendation, Plaintiff **SHALL** submit a completed summons United States Marshal form for each of Defendants Moritz and Johnson.

3. The Clerk of Court is **DIRECTED** to provide Plaintiff with summons and United States Marshal forms, as well as a copy of the *Pro Se* Handbook. Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: March 26, 2024 /s/ *Kimberly A. Jolson*
KIMBERLY A. JOLSON
United States Magistrate Judge