UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| ROBERT L. WOLFE, | : Case No. 2:24-cv-535 |
| Plaintiff, | : |
| vs. | : District Judge Algenon L. Marbley |
| | : Magistrate Judge Kimberly A. Jolson |
| HOCKING COUNTY SHERIFF'S DEPARTMENT, *et al.*, | : |
| Defendants. | : |

# ORDER AND SUPPLEMENTAL REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Reinstate Deputies Carl Wilderman and Kyle Arnett as Defendants, (Doc. 6), which the Court understands to be a motion to amend the complaint to add new allegations against these individuals.

A.   **Background**

On March 26, 2024, after Plaintiff filed his initial Complaint, the Undersigned issued an Order and Report and Recommendation, concluding that Plaintiff's claims against Defendants Chief Deputy Caleb Moritz and Deputy Craig Johnson could proceed.  (*See* Doc. 4 at 4, 7). However, the Undersigned found Plaintiff failed to state a claim for relief against Deputy Kyle Arnett (alternatively spelled "Arnette" by Plaintiff),[1] Deputy Carl Wilderman, and the Hocking County Sheriff's Department.  (*Id.* at 4–7).  Accordingly, the Undersigned recommended that Plaintiff's claims against those Defendants be dismissed with prejudice.  (*Id.*).

---

[1] In the March 26, 2024, Order and Report and Recommendation (Doc. 4), the Undersigned used "Arnette" as the spelling for this Defendant's name.  Because Plaintiff uses "Arnett" in his Motion to Amend, the Undersigned uses that spelling in this Supplemental Order and Report and Recommendation.

In relevant part, the Court found:

> [A]lthough Deputies Kyle Arnette and Carl Wilderman are named in the case caption and in the list of Defendants[,] the Complaint contains no factual allegations against either of them.  Accordingly, Plaintiff has alleged no set of facts that would constitute a cause of action against Defendants Arnette or Wilderman, and they should be dismissed.  *See Sebestyen v. Gardner*, No. 2:17-CV-550, 2017 WL 5629646, at *3 (S.D. Ohio Nov. 22, 2017), *report and recommendation adopted*, No. 2:17-CV-550, 2018 WL 4804662 (S.D. Ohio Oct. 4, 2018).  To the extent Plaintiff alleges generally that "defendants" or "they" violated his rights, a "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that *each* Defendant is liable for [the alleged constitutional violation]." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.") (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

(Doc. 4 at 4–5).

In response, Plaintiff filed the instant Motion.  (Doc. 6).

**B.      Plaintiff's Motion to Reinstate Defendants Wilderman and Arnett**

Plaintiff's Motion seeks to clarify his claims against Defendants Arnett and Wilderman. (Doc. 6)  In his Motion, Plaintiff says these Defendants "entered [his] home without warrant and without permission, searched for and seized [his] property, thus infringing [his] 2nd and 4th Amendment rights!" (*Id.*).  Plaintiff further alleges that he has "evidence of the unlawful acts done by the named deputies in the form of bodycam video." (*Id.*).

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend a complaint "once as a matter of course" within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  Because no answer or Rule 12 motion has been filed, Plaintiff is entitled to amend his Complaint once as a matter of course without leave of court. Accordingly, Plaintiff's Motion (Doc. 6) is **GRANTED**.

2

The Clerk of Court is **DIRECTED** to file the initial Complaint (Doc. 3) and Plaintiff's new allegations (Doc. 6) together as a new document titled "First Amended Complaint" in the docket of this case. The First Amended Complaint (Docs. 3, 6) "supersedes [the] earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litigation,* 731 F.3d 586, 589 (6th Cir. 2013).

### C. Plaintiff's First Amended Complaint

Now, the Undersigned must determine whether the First Amended Complaint or any portion of it should be dismissed because it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). As previously discussed, Plaintiff has been permitted to proceed on his claims against Defendants Moritz and Johnson under the Second, Fourth, and Sixth Amendments. (Doc. 4 at 4, 7). Construing Plaintiff's First Amended Complaint liberally, the new allegations against Defendants Arnett and Wilderman are deserving of further development. (Doc. 6); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Undersigned concludes that, in addition to his claims against Defendants Moritz and Johnson under the Second, Fourth, and Sixth Amendments, Plaintiff may proceed on his claims against Defendants Arnett and Wilderman under the Second and Fourth Amendments.

Accordingly, the Undersigned hereby **VACATES** the March 26, 2024, Order and Report and Recommendation **to the extent** the Undersigned found that Plaintiff failed to state a claim against Defendants Arnett and Wilderman under the Second and Fourth Amendments. (*See* Doc. 4 at 7). However, for the reasons stated in the Order and Report and Recommendation, Plaintiff's claims in their entirety against Defendant Hocking County Sheriff's Department and his claims

3

against Defendants Arnett and Wilderman under the Sixth Amendment[2] should be **DISMISSED** for failure to state a claim upon which relief may be granted.

## IT IS THEREFORE ORDERED THAT:

1. The March 26, 2024, Order and Report and Recommendation (Doc. 4) is **VACATED to the extent** the Undersigned found that Plaintiff's allegations failed to state a claim against Defendants Arnett and Wilderman under the Second and Fourth Amendments.

2. Plaintiff may **PROCEED** on his claims against Defendants Moritz and Johnson under the Second, Fourth, and Sixth Amendments and on his claims against Defendants Arnett and Wilderman under the Second and Fourth Amendments.[3]

3. Plaintiff, however, has not submitted the necessary service of process forms for Defendants Arnett and Wilderman to be served in this case. Therefore, within **fourteen (14) days** of the date of this Order and Report and Recommendation, Plaintiff is **ORDERED** to submit to the Court a completed summons form and United States Marshal form for Defendant Arnett and Defendant Wilderman, so service of process may be made in this case. The **CLERK OF COURT** is **DIRECTED** to provide Plaintiff with two summons forms and two United States Marshal forms for this purpose. Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case. Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution.

---

[2]Plaintiff's Motion is limited to allegations against Defendants Arnett and Wilderman under the Second and Fourth Amendments. (*See* Doc. 6). Therefore, the Motion does not affect the Undersigned's previous recommendation to dismiss any Sixth Amendment claims against these two Defendants.

[3]As in the March 26, 2024, Order and Report and Recommendation, the Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims being allowed to proceed or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, a motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

4. Plaintiff **SHALL** inform the Court of any changes to his address during the pendency of these proceedings.

### IT IS THEREFORE RECOMMENDED THAT:

1. The Report and Recommendation of March 26, 2024 (Doc. 4) be adopted except as set forth herein.

2. Plaintiff's claims in their entirety against Defendant Hocking County Sheriff's Department and his claims against Defendants Arnett and Wilderman under the Sixth Amendment be **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

3. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Supplemental Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

### PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: April 19, 2024                                       */s/ Kimberly A. Jolson*
                                                                               KIMBERLY A. JOLSON
                                                                               United States Magistrate Judge