UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROBERT L. WOLFE,** : | |
| : | |
| **Plaintiff,** : | |
| : | Case No. 2:24-cv-535 |
| v. : | |
| : | Judge Algenon L. Marbley |
| **HOCKING COUNTY SHERIFF'S** : | |
| **DEPARTMENT,** *et al.*, : | Magistrate Judge Kimberly A. Jolson |
| : | |
| : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

This matter comes before this Court on the Magistrate Judge's Reports and Recommendations ("R&Rs") (ECF Nos. 4, 11, 38, 48) that Plaintiff Robert Wolfe's Section 1983 claims against Defendant Hocking County Sheriff's Department ("Sheriff's Department") be dismissed with prejudice; and that Deputies Kyle Arnett, Craig Johnson, Carl Wilderman, and Caleb Moritz's Motions for Judgment on the Pleadings (ECF Nos. 25, 31) be granted in part and denied in part. Each R&R cautioned that failure to file timely objections will result in a waiver of the right to have the District Judge review the R&R. (*See e.g.*, ECF No. 48 at 14). Plaintiff, who proceeds *pro se*, objected to the portion of the first R&R (ECF No. 4) recommending dismissal of the Sheriff's Department. (*See* ECF No. 7). He has since filed an amended complaint, however, that no longer names the Sheriff's Department as a defendant. (*See* ECF No. 12 at 2–3). Accordingly, this Court **OVERRULES** Plaintiff's Objection (ECF No. 7) **as moot**.

Having reviewed the R&Rs, this Court agrees with the analysis therein and **ADOPTS** the R&Rs in their entirety. (ECF Nos. 4, 11, 38, 48). To the extent Plaintiffs' filing (ECF No. 49) can be construed as an objection, this Court **OVERRULES** the objection. Accordingly, Defendants'

Motions for Judgment on the Pleadings (ECF Nos. 25, 31) are **GRANTED in part** and **DENIED in part** as follows: Plaintiff's Fourth Amendment unconstitutional arrest claim against Defendant Moritz and his Fourth Amendment excessive force claims against Defendants Moritz, Wilderman, and Arnett **shall proceed**; Plaintiff's other claims are **DISMISSED**; and Defendant Johnson is hereby **DISMISSED** from this action.

## I. BACKGROUND

Because no party objects to the Magistrate Judge's recitation of the facts in the R&R (ECF No. 38), this Court adopts that section in its entirety. Only a brief summary is provided here.

On February 22, 2023, the Athens County Court of Common Pleas issued a civil protection order ("CPO") that forbade Plaintiff from having contact with Hocking County detective J. Thomas McKnight. The CPO also commanded Plaintiff to turn over all deadly weapons. The next day, Defendants Kyle Arnett, Craig Johnson, Carl Wilderman, and Caleb Moritz—former and current deputies with the Hocking County Sheriff's Department—came to Plaintiff's home to serve the CPO. According to Plaintiff, when serving him with the CPO, Defendant Moritz assaulted him, and Defendants Wilderman, Arnett, Johnson, and Moritz entered Plaintiff's home "without warrant and without permission," searched his home, and seized his firearms.

On February 8, 2023, Plaintiff, proceeding *pro se*, sued the Hocking County Sheriff's Department and Defendants Arnett, Johnson, Wilderman, and Moritz under 42 U.S.C. § 1983 for alleged violations of his constitutional rights under the Second, Fourth, and Sixth Amendments. (ECF No. 1). According to Plaintiff, while Defendants were serving the CPO, Defendant Chief Deputy Moritz assaulted him, falsely arrested him, and detained him on his porch. (*Id.* at 4). Plaintiff also alleges that Defendant Moritz's command that Plaintiff must turn over all his firearms was a lie, as the CPO gave Plaintiff three days to surrender them and the opportunity to participate in a full hearing. (*Id.*). According to Plaintiff, Defendants nonetheless entered his home without a

2

warrant or permission and proceeded to seize his entire gun collection. (*Id.*). During that time, Plaintiff contends that Defendant Deputy Johnson falsely charged him with Obstructing Official Business, a charge that was later dismissed due to lack of evidence. (*Id.*). Due to these events, Plaintiff alleges he suffered a dislocated sternoclavicular joint that caused him pain and suffering for many months, and he continues to undergo physical therapy for this injury. (*Id.*). Plaintiff also alleges emotional distress from "having virtually all that" he owned be seized and held. (*Id.*). Plaintiff seeks relief by monetary damages, asking from $25,000 for each Deputy involved in the incident for a total of $100,000.

On March 26, 2024, the Magistrate Judge, upon screening the Complaint, issued a Report and Recommendation that, among other things, recommended that the claims against Hocking County Sheriff's Department be dismissed for failure to state a claim upon which relief can be granted. (ECF No. 4). On April 9, 2024, Plaintiff lodged an objection to the recommended dismissal of the Sheriff's Department, arguing that the "Department is, in the Plaintiffs opinion, liable for the actions of its members." (ECF No. 7 at 1). Plaintiff later filed an Amended Compliant on April 19, 2024, which no longer named the Hocking County Sheriff's Department as a Defendant. (ECF No. 12). On April 19, 2024, the Magistrate Judge issued a supplemental R&R, to which no objections were made. (ECF No. 11).

On June 20, 2024, Defendants Johnson, Wilderman, and Arnett filed a motion for judgment on the pleadings. (ECF No. 25). On July 23, 2024, Defendant Moritz sought similar relief. (ECF No. 31). On November 28, 2024, the Magistrate Judge recommended that Defendants Wilderman, Arnett, and Johnson's motion be denied on Plaintiff's unconstitutional arrest claim and granted as to other claims; that Defendant Moritz's motion be denied as to Plaintiff's Fourth Amendment excessive force claim and granted as to all other claims. (ECF No. 38). The Magistrate Judge granted Plaintiff leave to amend his unconstitutional arrest and excessive force claims against

3

Defendants Wilderman, Arnetts and Johnson, and his unconstitutional arrest claim against Defendant Moritz, holding those claims in abeyance. (*Id.* at 14, 17, 22). Plaintiff filed an Amended Complaint titled (ECF No. 45).

On December 19, 2024, Plaintiff filed a document captioned "Resubmission of Complaint and More." (ECF No. 45). The filing was construed as Plaintiff's Second Amended Complaint and a potential objection to the earlier R&R (ECF No. 38). (*See* ECF Nos. 49, 50). The supplemental R&R (ECF No. 48) recommended that: Defendants' Motions for Judgment on the Pleadings (ECF Nos. 25, 31) be denied as to Plaintiff's unconstitutional arrest claim against Defendant Moritz, as well as his excessive force claims against Defendants Moritz, Wilderman, and Arnett; that the motions be granted as to the other claims; and that Defendant Johnson be dismissed from this action. (ECF No. 48). Having reviewed the R&Rs (ECF Nos. 38, 48) and Plaintiff's filings (ECF Nos. 45, 49, 50), this Court finds Plaintiff's objection (ECF No. 49)—to the extent it can be construed as one—to be without merit and **ADOPTS** the R&Rs (ECF Nos. 38, 48) in their entirety.

## I.  STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). Litigants, even those proceeding pro se, must file specific objections to a magistrate's report and recommendation. *Murphy v. Reed*, 22 Fed.Appx. 390, 391 (6th Cir. 2001). Parties who file "vague, general, or conclusory objections" fail to satisfy this requirement and are deemed to have "fail[ed] to object" altogether. *Cole v. Yukins*, 7 Fed.Appx.354, 356 (6th Cir. 2001).

A motion for judgment on the pleadings may be made "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion attacks the sufficiency of the pleadings and is reviewed under the same standard as a motion to dismiss under

Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511-12 (6th Cir. 2001). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

Consequently, the court construes the complaint in the light most favorable to the non-moving party, accepts all factual allegations as true, and makes reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Gp., Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). A court is not required, however, "to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Rather, the complaint must allege more than bare assertion of legal conclusions, *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted), as well as "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir.2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A Rule 12(c) motion is granted only if there is an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Cmty. Mental Health Servs. v. Mental Health & Recovery Bd.*, 395 F. Supp. 2d 644, 649 (S.D. Ohio 2004).

## II.    LAW & ANALYSIS

5

Even when construed liberally, Plaintiff's filing (ECF No. 49) does not appear to challenge any substantive findings or conclusions in the R&R (ECF No. 38). To the extent it can be construed as an objection, this Court therefore finds it insufficient as a matter of law. *See e.g.*, *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to discern those issues that are dispositive and contentious"); *Zimmerman v. Cason*, 354 Fed.Appx. 228, 230 (6th Cir. 2009) (explaining that "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object"). Nonetheless, on review, this Court concludes that the R&Rs reach the correct outcome and, as explained below, **ADOPTS** them in their entirety.

### A. Defendant Johnson

Upon review, this Court finds no error in the Magistrate Judge's reasoning in recommending that all of Plaintiff's claims against Defendant Johnson be dismissed. The Magistrate Judge correctly determined, based on Plaintiff's own admission, that he "was misled in identifying defendants in this action by the filing of a charge of obstructing official business by Defendant Johnson." (ECF No. 45 at 2). As a result, the Magistrate Judge concluded that Plaintiff's claims against Defendant Johnson should be dismissed based on this assertion. Plaintiff, in his Objection (ECF No. 49), also reiterates that he misidentified Defendant Johnson and requests this Court "dismiss Deputy Johnson from the action at hand and any further action." (ECF No. 49 at 2–3). The Magistrate Judge's recommendation that all claims against Defendant Johnson be dismissed and he be terminated from this action. Accordingly, Plaintiff's claims against Defendant Johnson are hereby **DISMISSED WITHOUT PREJUDICE**, and Defendant Johnson is **TERMINATED** from this action.

### B. Unconstitutional Arrest Claim Against Defendant Moritz

With respect to the unconstitutional arrest claim against Defendant Moritz, the Magistrate Judge begins by assessing whether Defendant Moritz had probable cause to arrest Plaintiff for assault. According to Plaintiff's Second Amended Complaint, Plaintiff alleges that Defendant's Moritz's face struck the door frame after Defendants Wilderman and Arnett pulled Plaintiff's right arm. (ECF No. 45 at 4). Plaintiff also alleges that his "extended pinky put a small 1/8 wide by 1/8 long scratch above Moritz right ear" when Defendants Wilderman and Arnett pulled him. (*Id.*). When this contact occurred, Defendant Moritz had control of Plaintiff's left hand. (*Id.*). Accepting these facts as true, the Magistrate Judge rightfully found that Plaintiff alleged enough to show that he did not knowingly harm Defendant Moritz and that Defendant Moritz lacked the probable cause to arrest Plaintiff for assault.

As for the charge of obstructing official business, Defendants approached Plaintiff's porch and informed him that they intended to seize his firearms pursuant to the CPO. (ECF No. 45 at 3–4). Defendant Moritz claims that Plaintiff obstructed official business by fleeing and trying to enter hi home. (ECF No. 35 at 8–9). On the other hand, Plaintiff denies running from the Defendants. He instead alleges that after Defendant Moritz stated they were taking his firearms, he responded, "We're not going to do that!" (ECF No. 45 at 3). Moreover, Plaintiff indicates that this statement was made, in part, as a reaction to Defendants Wilderman and Arnett's attempts to approach him, which Plaintiff perceived as an effort to arrest him, after which, Plaintiff claims he took three steps to close his front door. (*Id.* at 3–4). Plaintiff states his intention was, after closing the door, to take the CPO from the Defendants and read it more thoroughly. (*Id.*).

As a whole, the Magistrate Judge found that Plaintiff sufficiently alleges Defendant Moritz lacked probable cause to arrest him for obstruction. This Court cannot say that Plaintiff's conduct constitutes the sort of affirmative, obstructive act required under the obstruction law. The only conduct Plaintiff alleges are in his movements to close his door before accepting the CPO. (ECF

7

No. 45 at 4). This Court cannot conclude that this slight action impeded Defendant's efforts to serve the CPO or seize his firearms. Plaintiff suggests that his intention was to remain on the porch with Defendants, not flee from the porch into his home. Without a purposeful effort to obstruct or delay the Defendants' performance of an authorized act within their official capacity, probable cause cannot be found. This Court therefore **ADOPTS** the Magistrate Judge's recommendation that Defendant Moritz's request to dismiss the unconstitutional claim be **DENIED**.

### C. Excessive Force Claim Against Defendants Arnett and Johnson

Finally, Plaintiff alleges that Defendants Wilderman and Arnett used excessive force against him. In his Second Amended Complaint, Plaintiff states after Defendants approached him on his porch, Defendant Moritz "quickly handed [him] the [CPO]" but immediately took it back. (Doc No. 45 at 3). He alleges that Defendants Wilderman and Arnett then approached Plaintiff, and Defendant Moritz informed him that they were to take his firearms pursuant to the CPO. (*Id.*). Plaintiff took three steps toward his front door, when Defendants Moritz, Wilderman, and Arnett "started yelling" at him. (*Id.* at 4). According to Plaintiff, Defendant Moritz then grabbed Plaintiff's left arm while Defendants Wilderman and Arnett pointed guns at him. (*Id.*). After Defendants holstered their weapons, Defendants Wilderman and Arnett grabbed Plaintiff's right arm, dislocating it from the sternoclavicular joint. (*Id.*). Plaintiff was then twisted and forced to the ground, causing him to get scratches and bruises. (*Id.*).

In light of Wolfe's new allegations, the Magistrate Judge found that Plaintiff sufficiently pled a Fourth Amendment excessive force claim against Defendants Wilderman and Arnett. "Circumstances to be considered with respect to an excessive force claim include the severity of the criminal conduct at issue, whether the subject posed an immediate threat to the safety of the public and the officer, and whether the suspect was actively resisting arrest." *Kinzer v. City of W. Carrollton, Ohio*, No. 3:07-CV-111, 2008 WL 3200652, at *6 (S.D. Ohio Aug. 5, 2008) (citing

8

*Graham v. Connor*, 490 U.S. 386, 396 (1989)). Here, under the totality of the circumstances, and construing the facts in favor of Wolfe, this Court finds it plausible that the severity of the obstruction crime is not so substantial to warrant the use of significant force. *See Thacker v. Lawrence County*, 182 Fed.Appx. 464, 472 (6th Cir. 2006) (noting that "[t]he crime of disorderly conduct" generally "is not a violent or serious crime, and this fact weighs in favor of using less force in arresting [someone for such conduct].")

Plaintiff alleges that Defendants Wilderman and Arnett nonetheless pointed guns on Plaintiff and, in tackling him, dislocated a joint. (ECF No. 45 at 4). And Plaintiff alleges all happened before Defendants even arrested or detained him. (*Id.*). This supports Plaintiff's excessive force claim since officers cannot use force "on a detainee who . . . has been subdued, is not told he is under arrest, or is not resisting arrest." *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1005 (quoting *Grawey v. Drury*, 567 F.3d 302, 314 (6th Cir. 2009)); *Wright v. City of Euclid*, 962 F.3d 852, 869–70 (discussing that pointing a gun at an unarmed, compliant individual can rise to the level of excessive force under the Fourth Amendment).

Defendants Wilderman and Arnett nonetheless justify their actions by claiming that Plaintiff caused them to fear for their safety. (ECF No. 25 at 3). Whether Plaintiff posed an immediate threat to the officers' safety is certainly relevant to whether they used excessive force against him. *See Kinzer*, 2008 WL 3200652, at *6, The Magistrate Judge, however, correctly noted that because parties present differing factual accounts of the interaction, and in light of this Court's duty to accept Plaintiff's allegations as true at this stage, Defendants are not entitled to judgment on the pleadings. Defendants' arguments are better left for a later stage in litigation when the factual record is more developed. *See Moderwell v. Cuyahoga Cnty.*, No. 1:19CV613, 2020 WL 4726458, at *4 (N.D. Ohio Aug. 14, 2020), *aff'd sub nom. Moderwell v. Cuyahoga Cnty., Ohio*, No. 20-3879, 2021 WL 1897949 (6th Cir. May 12, 2021).

Because Plaintiff's allegations are sufficient at this juncture to set forth a plausible Fourth Amendment excessive force claim against Defendants Wilderman and Arnett, this Court **ADOPTS** the Magistrate Judge's recommendations and **DENIES** Defendants' Motion for Judgement on the Pleadings (ECF No. 25) with respect to this claim.

### III. CONCLUSION

For the foregoing reasons, having reviewed the Magistrate Judge's R&Rs (ECF Nos. 4, 11, 38, 48), this Court agrees with the analysis therein and **ADOPTS** them in their entirety. (ECF Nos. 4, 11, 38, 48). Plaintiff's objection (ECF No. 7) to the first R&R is **OVERRULED AS MOOT;** and to the extent Plaintiffs' filing (ECF No. 49) can be construed as an objection to the third R&R (ECF No. 38), that objection is **OVERRULED**. Accordingly, Defendants' Motions for Judgment on the Pleadings (ECF Nos. 25, 31) are **GRANTED IN PART** and **DENIED IN PART** as follows: Plaintiff's Fourth Amendment unconstitutional arrest claim against Defendant Moritz and his Fourth Amendment excessive force claims against Defendants Moritz, Wilderman, and Arnett **shall proceed**; Plaintiff's other claims are **DISMISSED**; and Defendant Johnson is hereby **DISMISSED** from this action.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: March 28, 2025**