UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

ROBERT L. WOLFE, : Case No. 2:24-cv-535
:
    Plaintiff, :
: District Judge Algenon L. Marbley
vs. : Magistrate Judge Kimberly A. Jolson
:
HOCKING COUNTY SHERIFF'S :
DEPARTMENT, *et al*., :
:
    Defendants. :

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff's unopposed Motion to Dismiss (Doc. 66), which the Undersigned construes as a request for voluntary dismissal, is before the Court. The Undersigned **RECOMMENDS** granting the Motion and dismissing this case **without prejudice**. In light of this recommendation, the discovery and dispositive motion deadlines (Doc. 48 at 13) are **VACATED**, and the Clerk of Court is **DIRECTED** to terminate Defendants' pending discovery motion (Doc. 64).

**I.    BACKGROUND**

On many prior occasions, the Court summarized the facts underlying this action. Briefly, the Undersigned repeats them here:

> On February 22, 2023, the Athens County Court of Common Pleas issued a civil protection order ("CPO") that prohibited Plaintiff from having contact with Hocking County detective J. Thomas McKnight. (Doc. 29 at 6–8). The next day, Defendants, former and current deputies with the Hocking County Sheriff's Department, went to Plaintiff's home to serve that CPO. (Doc. 12 at 4). Defendants approached Plaintiff on his front porch and served him with the CPO. (*Id.*). Then, Defendant Moritz said they intended to seize Plaintiff's firearms under the CPO. (*Id.*). After that, Defendant Moritz assaulted Plaintiff, causing lasting injuries to Plaintiff's shoulder. (*Id.* at 5). And Defendants subsequently entered Plaintiff's home and seized his firearms. (*Id.* at 4, 7). [] Plaintiff also says Defendant Moritz unconstitutionally arrested him for assault.

(Doc. 48 at 1–2 (citation modified)).

Based upon these allegations, Plaintiff sued Defendants on February 8, 2024, under 42 U.S.C. § 1983 for violations of his constitutional rights under the Second, Fourth, and Sixth Amendments. (Doc. 1; *see also* Doc. 11 at 3–4; Doc. 4 at 7). After a lengthy pleading stage, the Court allowed Plaintiff to proceed on his Fourth Amendment unconstitutional arrest claim against Defendant Moritz and his Fourth Amendment excessive force claim against Defendants Moritz, Wilderman, and Arnett. (Doc. 53 at 1–2). The parties began conducting discovery in early 2025. (Doc. 48 at 13 (setting a case schedule on February 10, 2025)).

Problems immediately arose because Plaintiff refused to cooperate with Defendants' discovery requests. (*See* Docs. 55, 56 (Defendants' status report on discovery and request for an informal discovery conference to address Plaintiff's conduct)). After the Court reminded Plaintiff of his discovery obligations and ordered the parties to confer, it appeared that they made some progress. (Docs. 57, 60, 61). However, on June 30, 2025, Defendants once again reported that Plaintiff refused to respond to their discovery requests. (Doc. 62). As a result, the Court set a briefing schedule for related discovery motions. (Doc. 63).

On July 17, 2025, Defendants filed a motion to compel discovery responses and for sanctions. (Doc. 64). However, Defendants also noted that Plaintiff expressed some desire to dismiss his case. (*Id.* at 4–5). So, the Court ordered Plaintiff to either file a response to Defendants' discovery motion or move to dismiss his case by August 1. (Doc. 65).

On August 5, Plaintiff moved for dismissal. (Doc. 66). Although he did not clarify whether he sought to dismiss his case with or without prejudice, Defendants construed his Motion as requesting a voluntary dismissal without prejudice, based on counsel's prior communications with Plaintiff. (Doc. 68 at 1–2). Accordingly, the Undersigned construes his Motion the same way.

2

Defendants filed a response indicating they do not oppose Plaintiff's Motion, and the matter is ripe for review. (Docs. 66, 68).

**II.     DISCUSSION**

Because the Undersigned construes Plaintiff's instant Motion as one seeking a voluntary dismissal, Federal Rule of Civil Procedure 41 governs. The rule gives a plaintiff the right to dismiss his case without prejudice "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). After that, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The latter limitation exists to "protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Whether to grant a plaintiff's request to dismiss his case is soundly within the trial court's discretion. *Id.*; *see also Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2007) (reviewing a dismissal under Rule 41(a)(2) for abuse of discretion).

In deciding whether to allow voluntary dismissal of an action without prejudice, courts consider whether the defendant will suffer "plain legal prejudice." *Grover by Grover*, 33 F.3d at 718; *Rosenthal*, 217 F. App'x at 500. Courts weigh factors "such as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover by Grover*, 33 F.3d at 718. Importantly, "[t]hese factors are only a guide . . . and the trial judge ultimately retains discretion to grant the motion to dismiss." *Damron v. Jewell*, No. 5:22-cv-41, 2023 WL 11944502, at *2 (W.D. Ky. May 2, 2023) (citation modified), *report and recommendation adopted sub nom. Damron v. Hewell*, No. 5:22-cv-41, 2023 WL 11944465 (W.D. Ky. June 13, 2023).

Starting with the first and fourth factors, Defendants expended some resources on discovery and related motions, but no trial date has been set.  Further, Defendants do not oppose Plaintiff's Motion and do not argue they will suffer any prejudice.  (Doc. 68 at 1).  What's more, Defendants have not filed any motions for summary judgment in this case.  (Doc. 48 at 13 (setting the deadline for dispositive motions to September 12, 2025)).  Accordingly, the Undersigned finds that these factors fall in favor of dismissing without prejudice.  *See, e.g.*, *Wallace v. Wheeling Pittsburgh Steel Corp.*, No. 2:06-cv-610, 2007 WL 1795950, at *2 (S.D. Ohio June 20, 2007) (allowing a plaintiff to voluntarily dismiss, even though Defendants invested "some time and effort in litigating" the case); *Robinette v. Olentangy Loc. Sch.*, No. 2:08-cv-149, 2008 WL 4593647, at *1 (S.D. Ohio Oct. 14, 2008) (dismissing the case without prejudice where the defendants expended minimal resources on the case and had not moved for summary judgment).

Turning to Plaintiff's diligence, the Undersigned also finds that this factor weighs in his favor.  Throughout this litigation, Plaintiff has submitted filings close in time to deadlines set by the Court.  He has not failed to prosecute this action.  And once he indicated that he no longer wished to engage in discovery or pursue this case, he promptly moved for dismissal as ordered by the Court.  (*See* Doc. 65 (noting Plaintiff expressed a desire to dismiss and setting a deadline for him to file such a motion); Doc. 66 (Plaintiff's motion to dismiss, filed approximately two weeks later)).

Finally, the Undersigned turns to Plaintiff's reasons for dismissal.  Plaintiff cites his poor health, his lack of resources and funds, and his failure to obtain counsel as reasons he wishes to voluntarily dismiss this case.  (Doc. 66).  These are the types of explanations courts find convincing.  *See, e.g.*, *Damron*, 2023 WL 11944502, at *2 (allowing dismissal where the plaintiff cited his poor health); *Robinette*, 2008 WL 4593647, at *1–2 (granting a motion to dismiss where

4

the plaintiff wished to refile the case once she could afford to hire counsel); *Chickplease, LLC v. Shalash*, No. 2:22-cv-2526, 2024 WL 1990890, at *1–2 (S.D. Ohio May 6, 2024) (granting a motion for voluntary dismissal where the plaintiff raised financial issues).

All told, Defendants have not expended significant resources preparing for trial, they do not claim they will be prejudiced by a voluntary dismissal, and no summary judgment motions have been filed. Plaintiff provides adequate reasons to support his request, and the Undersigned finds that he has diligently prosecuted this case and moved for dismissal. Therefore, the Undersigned **RECOMMENDS** that Plaintiff's Motion to Dismiss be **GRANTED** and this action be **DISMISSED without prejudice**.

In light of this recommendation, the discovery and dispositive motion deadlines (Doc. 48 at 13) are **VACATED**, and the Clerk of Court is **DIRECTED** to terminate Defendants' pending discovery motion (Doc. 64).

### III. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** granting Plaintiff's Motion to Dismiss (Doc. 66) and **DISMISSING** this case **without prejudice**. Given this recommendation, the discovery and dispositive motion deadlines (Doc. 48 at 13) are **VACATED**, and the Clerk of Court is **DIRECTED** to terminate Defendants' pending discovery motion (Doc. 64).

IT IS SO ORDERED.

Date: August 13, 2025  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).